IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.  4:11-CR-00200-JM--3
     4:14-CV-00646-JM

BOBBY KHABEER

## ORDER

After Bobby Khabeer pleaded guilty to a drug-conspiracy charge, the Court sentenced him as a career offender to 188 months in prison and four years of supervised release. Khabeer appealed, and the judgment was affirmed by the Eighth Circuit on August 5, 2013. On November 2, 2104, attorney William C. Frye entered an appearance on behalf of Khabeer and, on the same day, filed a motion to set aside or correct sentence under 28 U.S.C. §2255. The basis for the motion was that Khabeer was prejudiced when his attorney at the time of sentencing failed to argue that his two prior felony convictions should be counted as one felony, rather than two. The Court entered an order denying that motion on November 24, 2014, as the Eighth Circuit had already specifically addressed this issue on direct appeal.

Khabeer has now filed a motion which he titles a motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rather than ask the Court to reconsider its November 24th order, however, Khabeer states that "he has issues that he wished to raise" but which were "not raised in the 2255 motion that counsel filed." These issues include not being timely notified of a formal plea offer until it had expired and his attorney's failure to dispute or to adequately raise issues during the sentencing phase. In his motion, Khabeer requested until January 31, 2015 to be able to research and brief these issues. In light of the relief requested, the Court is going to treat Khabeer's Rule 59 motion as a successive habeas petition that, as such,

requires certification by the Eighth Circuit Court of Appeals.  *Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006).

> Section 2255(h) provides:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h).  Khabeer has failed to request certification by the Eighth Circuit to file his second motion.  Therefore, this Court is without jurisdiction to consider his current request for relief.  *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997).

Khabeer's motion for reconsideration pursuant to Rule 59 (Docket No. 205) is a de facto successive habeas petition and is dismissed.

IT IS SO ORDERED this 28th day of January, 2015.

_____
JAY M. MOODY JR.
UNITED STATES DISTRICT JUDGE